# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-01479 |
| DIANA ESPINOSA, in her official capacity as ACTING ADMINISTRATOR, HEALTH RESOURCES AND SERVICES ADMINISTRATION | ) ) ) ) ) ) | |
| and | ) ) | |
| XAVIER BECERRA, in his official capacity as SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) | |
| *Defendants.* | ) ) ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
## AND PROPOSED STIPULATED BRIEFING SCHEDULE

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, Plaintiff Novartis

Pharmaceuticals Corporation (Novartis) seeks a preliminary injunction to preserve the status quo

by enjoining Defendants and all others in active concert or participation with them from acting

on a May 17, 2021 decision letter (Decision Letter) until this Court has the chance to resolve this

dispute on the merits.  The Decision Letter erroneously asserted that Novartis's "contract

pharmacy" policy violates the 340B statute, and threatened enforcement action against Novartis.

The 340B statute requires a participating manufacturer to "offer each *covered entity* covered outpatient drugs for purchase *at or below the applicable ceiling price* if such drug is made available to any other purchaser at any price."  42 U.S.C. § 256b(a)(1) (emphases added). The statute is clear:  The 340B discount is owed only in connection with a purchase by a covered entity.

In recent years, there has been an explosion of "contract pharmacy" arrangements, in which covered entities enter into contractual arrangements with third-party pharmacies—often large, national for-profit chains.  Under such arrangements, drugs are not shipped to the covered entity for dispensing to patients.  Instead, they are shipped directly to the contract pharmacy— wherever in the country that pharmacy may be.  In response to the proliferation of "contract pharmacies," Novartis announced a new policy in late 2020 under which it voluntarily recognizes [1] all contract pharmacy arrangements within a 40-mile radius of the covered entity, [2] all contract pharmacy arrangements of federal grantees, regardless of location, and [3] an exemption to the 40-mile radius limitation when the facts and circumstances require.

And yet on May 17, 2021, HRSA notified Novartis that the agency has determined that Novartis's contract pharmacy policy violates Section 340B.  Even though the statute makes no mention of contract pharmacy arrangements, HRSA explained that Novartis must honor *all* contract pharmacy arrangements, regardless of where those pharmacies are located.  Failing to do so, HRSA warned, would result in steep civil monetary penalties, and HHS could find that Novartis had violated its 340B Pharmaceutical Pricing Agreement, risking the possibility that federal payment under Medicaid and Medicare Part B would be unavailable for its covered outpatient drugs.

The four factors governing injunctive relief strongly favor issuance of an injunction here. First, Novartis's likelihood of success is strong.  HRSA's position contravenes the plain language of the governing statute.  The statute provides no textual support for the notion that the defined term "covered entity" includes third parties that *enter into contracts* with covered entities.  Nor does the statute mandate shipments to such contract pharmacies.  So long as the manufacturer offers to sell the drug to the covered entity at or below the 340B-discounted price, the manufacturer operates in compliance with the statute.  Moreover, the agency's decision is arbitrary and capricious because it lacks a reasoned basis, fails to acknowledge or explain the agency's change in position, and is based on factual assumptions not supported by the record. Both Novartis and the public interest will be irreparably harmed absent injunctive relief. Novartis faces severe reputational and irreparable financial harms.  In contrast, HRSA faces no harm if preliminary injunctive relief is granted because the only loss facing the agency is a temporary delay in any enforcement action.

A proposed order accompanies this motion, and the parties' joint proposed briefing schedule is below.

Dated: June 2, 2021

Respectfully submitted,

/s/ *Catherine E. Stetson*
Catherine E. Stetson (DC Bar # 453221)
Susan M. Cook (DC Bar # 462978)
Harrison Gray Kilgore (D.C. Bar # 1630371)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

*Counsel for Plaintiff Novartis Pharmaceuticals Corporation*

**CERTIFICATION OF COUNSEL**
**AND JOINT PROPOSED BRIEFING SCHEDULE**

Pursuant to Local Rules 65.1 and 7(m), Plaintiff's counsel contacted Defendants' counsel

on June 1, following the filing of the Complaint and in advance of filing this motion.  Plaintiff's

counsel provided Defendants' counsel with a copy of the Complaint in this action and informed

the Government that Plaintiff would be seeking a preliminary injunction.  Defendants have

indicated that they oppose the motion.

The parties have met and conferred on a proposed briefing schedule in this case, and

jointly propose the following deadlines for briefing on both the present motion and cross-

summary judgment briefs:

| | |
|---|---|
| **Plaintiff's Motion for Preliminary Injunction:** | **June 2, 2021** |
| **Administrative Record:** | **June 11, 2021** |
| **Defendants' Opposition to PI/ Cross-Motion for Summary Judgment:** | **June 28, 2021** |
| **Plaintiff's Reply in support of PI and SJ/Opposition:** | **July 9, 2021** |
| **Defendants' Reply:** | **July 16, 2021** |


Dated: June 2, 2021                    Respectfully submitted,

/s/ *Catherine E. Stetson*
Catherine E. Stetson (DC Bar # 453221)
Susan M. Cook (DC Bar # 462978)
Harrison Gray Kilgore (D.C. Bar # 1630371)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5491
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

*Counsel for Plaintiff Novartis Pharmaceuticals Corporation*